**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rowlo SMITH, Defendant–Appellant.**

**No. 03–5130.**

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2003.

---

Katrina U. Earley, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before: MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

### ORDER

Rowlo Smith, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Smith of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court sentenced him to 120 months of imprisonment and three years of supervised release. On appeal, Smith argues that there was insufficient evidence to support his conviction.

Upon review, we conclude that the government presented sufficient evidence to support Smith's conviction for being a felon in possession of a firearm. A defendant claiming insufficiency of the evidence bears a "very heavy burden." *United States v. Maliszewski,* 161 F.3d 992, 1005 (6th Cir. 1998). The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Samuels,* 308 F.3d 662, 666 (6th Cir.2002), *cert. denied,* 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). This court draws all available inferences and resolves all issues of credibility in favor of the verdict, and it is not necessary for the court to exclude every reasonable hypothesis but guilt. *United States v. Searan,* 259 F.3d 434, 440 (6th Cir.2001). In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). In order to obtain a conviction for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the United States was required to prove that: 1) Smith was convicted of a felony punishable

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

by imprisonment for more than one year; 2) Smith knowingly possessed the firearm specified in the indictment; and 3) the firearm specified in the indictment traveled in or affected interstate commerce. *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991).

A review of the record clearly reflects the government presented ample evidence establishing that Smith knowingly possessed the firearm specified in the indictment. The record reflects that two Memphis police officers (Ken Fox and Marcus Redd) received information from an unnamed motorist that he had seen two black men walking towards a Mapco Express store ("the store"), that the motorist provided the officers with a description of the men's clothing, and that the motorist stated that one of the men was armed. When the officers arrived at the store, the manager (Jarrett Harrell) provided them with a description of two men who had attempted to steal some beer and he told the officers the direction the suspects headed in when they left the store. Harrell also testified that he noticed a weapon through the opening of one of the men's coat. He later identified Smith as the man who had possession of the shotgun. Officer Fox testified that he and his partner began to search the area, that they eventually found Smith and the other man in a nearby backyard, and that they observed one of the men throw an object over a fence. Once the suspects were arrested, the officers recovered a shotgun from the other side of the fence. Moreover, the store manager later identified the two arrested men as the same individuals who had left the store prior to the officers' arrival.

Contrary to Smith's argument, this testimony was sufficient to establish that he had knowingly possessed a firearm. As stated above, the court does not weigh the evidence or assess the credibility of the witnesses. *Jackson*, 55 F.3d at 1225. Nonetheless, Smith has not presented any evidence establishing that Harrell's testimony was "tainted" or not credible. Smith's argument that the officers did not actually observe a weapon being discarded also does not establish that there was insufficient evidence to support his conviction. The officers were in search of men who they had been told were carrying a weapon, they observed the men discard something into a field, and they immediately discovered a weapon in the field after arresting the men. This circumstantial evidence is sufficient to support the conclusion that the weapon found had been discarded by the arrested men. *See United States v. Jones*, 102 F.3d 804, 807 (6th Cir.1996) (holding that circumstantial evidence alone is sufficient to sustain a conviction).

Finally, the record reflects that Smith had been convicted of a crime punishable by a term of imprisonment in excess of one year and that the recovered shotgun had been manufactured outside the state of Tennessee. Hence, there was sufficient evidence to support Smith's conviction.

Accordingly, we affirm the judgment of conviction and sentence.